IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEONARDO WELLS                          *
                                        *
          v.                            *     Civil No. JFM-10-703
                                        *     Criminal No. JFM-06-0128
                                        *
UNITED STATES OF AMERICA                *
                                     *****

MEMORANDUM

Leonardo Wells has filed this motion under 28 U.S.C. §2255.  The government has filed

an opposition, Wells has filed a reply.  The motion will be denied.

Wells received a nine year sentence after having pled guilty to conspiracy to distribute

and possess with intent to distribute powder cocaine.  He alleges that his counsel was ineffective

in that (1) counsel did not advise him that he could plead guilty but leave for resolution at the

time of his sentencing the question of the quantity of drugs that should be attributed to him; and

(2) not disclosing to him "serious problems with the wiretap recordings."[1]

Neither of these contentions has any merit.  The record establishes that what Wells now

says he wanted – a guilty plea with the right to contest the amount of drugs to be attributed to

him was simply not available to Wells.  During a pre-plea meeting attended by defendants,

government counsel and defense counsel, government counsel expressly stated that the

_____

[1] In his brief Wells also seems to assert that his counsel was ineffective in that counsel "did not
advise him of his intention to file a motion challenging the reliability of the prosecutions [sic]
witnesses.  Although it is not clear, it appears what Wells is alleging is that his counsel did not
properly attack the reliability of two of the government's potential witnesses.  Obviously, the
reliability of witnesses is a matter to be evaluated by a jury and during his plea-colloquy, Wells
waived his right to a jury and his right to cross-examine witnesses against him.

defendants could either accept the government's offer and agree to quantities attributable to the conspiracy or the government would supersede the indictment to increase the drug weight in the indictment from 500 grams to 5 kilograms, which would increase the minimum prison sentencing from 5 to 10 years. There was ample evidence to support the government's position in this regard. Moreover, Wells admitted, under the penalties of perjury, during the plea-colloquy having distributed the amount of drugs that was attributed to him in the unsuperseded indictment.

Likewise, Wells has presented no evidence or argument to establish that the wiretaps in which he was overheard were illegal. Thus, his counsel clearly was not ineffective in failing to challenge the wiretaps.

A separate order denying Wells' motion is being entered herewith.

Date: October 14, 2010                    _____/s/_____

                                          J. Frederick Motz
                                          United States District Judge